Richard C. Lipps, Individually, and Estate of Eleanor H. Lipps, Richard C. Lipps, Administrator v. Commissioner.
Lipps v. Commissioner
Docket No. 83098.
United States Tax Court
T.C. Memo 1962-66; 1962 Tax Ct. Memo LEXIS 242; 21 T.C.M. (CCH) 358; T.C.M. (RIA) 62066; March 26, 1962
*242 Held, that the principal petitioner's "tax home" during the period that the living and transportation expenses here involved were incurred, was Pittsburgh, Pennsylvania, which was his only place of employment during such period. Held, further, that said expenses were not incurred "while away from home"; and that therefore, they are not deductible within the meaning of section 62(2)(B)of the 1954 Code. Richard E. Heath, Esq., M & T Bldg., Buffalo, N. Y., for the petitioners. Edward H. Hance, Esq., for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The respondent determined a deficiency in income tax against petitioners for the calendar year 1956, in the amount of $977.31. The sole issue for decision is whether certain amounts expended by the principal petitioner in 1956 for meals, lodging, and transportation, are deductible as expenses for travel"away from home," within the meaning of section 62(2)(B) of the 1954 Code. All other issues raised by the pleadings, either were abandoned by petitioner or are dependent upon the decision of the above issue. Findings of Fact Some of the facts were stipulated. The stipulation *243 of facts, including the exhibit attached thereto, is incorporated herein by reference. The petitioners are Richard C. Lipps (hereinafter called "Lipps"), and the estate of his deceased wife Eleanor H. Lipps, acting as her personal representative. Lipps and his wife filed a joint Federal income tax return for the calendar year 1956, with the district director of internal revenue at Brooklyn, New York. Eleanor died on August 10, 1959; and her husband is the duly appointed and acting administrator of her estate. The estate is a party herein solely by reason of Eleanor's having joined with her husband in filing said joint return. Lipps had been employed by a national electrical manufacturing company in various capacities for approximately 25 years; but, in February 1956, he terminated such employment to seek a better position. At the time he terminated said employment, Lipps had made no arrangements to obtain employment with any other company. Lipps' last position with said company was as its eastern regional manager, with an office in New York City, New York. While so employed, he resided at Massapequa Park, New York, with his wife and two children. In the latter part of April 1956, *244 Lipps was hired on a trial basis by a competitor of his former employer, to work in Pittsburgh, Pennsylvania. In taking this new position, it was his intention to work for his new employer indefinitely, in whatever position said corporation placed him and wherever it wanted him, including Pittsburgh. However, at the time he was first so employed, Lipps did not believe he would be permanently stationed in Pittsburgh. He was not hired for any specific permanent position; nor was there any definite plan regarding his assignment to any permanent position away from Pittsburgh. It was understood that if his work was not satisfactory, he would not be retained. Lipps went to Pittsburgh on April 29, 1956, and he began work at his new employer's headquarters in that city on about May 1, 1956. His first assignment with the new employer was to conduct studies of the operations of that company's motor and control division; and he later made studies of the advisability of setting up company stores where employees could purchase appliances. Upon completion of these studies, he was given the task of drawing up plans for a new major appliances marketing organization. Lipps remained assigned in Pittsburgh *245 from the time he was first employed until his transfer to Buffalo in March 1957, which was subsequent to the taxable year here involved. He has continued in the position in Buffalo up to the date of this trial. Throughout the period of Lipps' assignment to Pittsburgh, his family continued to reside at Massapequa Park; and Lipps continued to maintain his club memberships in the Massapequa Park area, never joining any in the Pittsburgh area. Upon his assignment to Buffalo in March 1957, he moved his family there from Massapequa Park. For the year 1956, Lipps filed a New York state income tax return. During the period from April 29, 1956, through December 31, 1956, Lipps, while in Pittsburgh, stayed in hotels where he was assigned rooms on a day-to-day basis, always registering therein as a resident of Massapequa Park. Each time he left Pittsburgh, he checked out of his hotel and paid his bill in full. Throughout said period, Lipps spent every weekend but one with his family at Massapequa Park. Lipps' expenses in Pittsburgh for his meals and lodging from April 29, 1956, through May 14, 1956, were reimbursed by his employer. He was also reimbursed by his employer for his weekend *246 commuting expenses on his nonbusiness trips between Pittsburgh and Massapequa Park; and likewise for his travel and living expenses whenever he went on business trips away from the Pittsburgh office, including some to the New York City area. However, he was not reimbursed for his living expenses in Pittsburgh subsequent to May 14, 1956. Lipps expended $2,517.98 for meals, lodging, and other living expenses while living in Pittsburgh from May 14, 1956, through December 31, 1956, for which he was not reimbursed. During this same period, Lipps received from his employer $771.77 as reimbursement for the costs of his nonbusiness trips between Pittsburgh and Massapequa Park. Lipps and his wife, in their 1956 Federal income tax return, reported total expenses for meals, lodging and travel of $5,882.63, less reimbursements therefor of $3,364.65; and they deducted the difference of $2,517.98 in arriving at their adjusted gross income. The respondent, in his deficiency notice, adjusted petitioners' gross income, so as to include the amount of $3,289.75 expenses. [1] In making this adjustment, respondent stated in part: "[Since] your post of duty was Pittsburgh, Pennsylvania, * * * any *247 expense for meals and lodging incurred at Pittsburgh and for travel between there and your residence in New York are deemed to be personal expenses." Opinion The sole issue presented for decision herein, is whether the above-mentioned expenses are deductible by the petitioners as "away from home" expenses, within the meaning of section 62(2)(B) of the 1954 Code. [2]
*248 Petitioners' contention is that Lipps' "tax home" was Massapequa Park; that it did not "shift" with Lipps' employment in Pittsburgh; and that therefore, the expenses here in question are deductible as "away from home" expenses. Such contention is premised on their assertion that, because Lipps did not anticipate that he would be employed in Pittsburgh for more than a few months, Pittsburgh did not become his tax home. We do not agree with petitioners' contention. This is not a case where an employee was transferred by his employer to a new location; nor is it a case where an individual was employed away from his residence, by various employers for relatively short periods of time. Rather, the instant case involves a man who, by his own choice, sought and obtained employment with a new employer away from his former residence, for what he hoped would be a permanent employment arrangement; and whose new employment had no connection whatsoever with his former employment. While he may have had some doubt as to where his new employer might eventually send him, there is no doubt whatsoever that Lipps would have been willing to stay in Pittsburgh indefinitely, if his employer had so desired. *249 In the year 1956, his principal - and only - place of employment after he commenced his new employment, was Pittsburgh. Indeed, his actual place of employment was so definitely fixed in Pittsburgh, that after May 14, 1956, his employer did not reimburse him for any of his living expenses in that city; but did reimburse him whenever he went away from Pittsburgh on business trips. We hold that Pittsburgh was Lipps' "tax home" when all the expenses in controversy were incurred by him; and that none of such expenses were incurred while he was "away from home" in the pursuit of either his own or his employer's business. ; (C.A. 3, 1961), affirming per curiam a Memorandum Opinion of this Court; ; , affd. - F. 2d - (C.A. 6, Feb. 14, 1962). None of the expenses here in issue are deductible by petitioners. Decision will be entered for the respondent. Footnotes
1. The expenses so included by respondent in gross income were the unreimbursed amount of $2,517.98 expended by Lipps for meals, lodging, and other living expenses in Pittsburgh, plus the $771.77 paid by Lipps for his nonbusiness commuting expenses between Pittsburgh and Massapequa Park.↩
2. SEC. 62. ADJUSTED GROSS INCOME DEFINED. For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions: * * *
(2) Trade and Business Deductions of Employees - * * *
(B) Expenses for travel away from home - The deductions allowed by part VI * * * which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee.↩